IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SEASIDE UTILITIES, INC., ) | C.A. No. 4:04-1671-TLW |
| Plaintiff, ) | |
| vs. ) | **WRITTEN OPINION AND ORDER** |
| MCCARTER ELECTRIC COMPANY, ) INC., ) | |
| Defendant. ) | |

## Introduction

Plaintiff Seaside Utilities, Inc. ("Seaside") filed the instant legal action in state court on April 19, 2004, alleging causes of action for negligent misrepresentation and promissory estoppel against defendant McCarter Electric Company, Inc. ("McCarter"). Thereafter, McCarter removed the instant action to federal court. This matter now comes before the undersigned upon the filing of defendant McCarter's motion for summary judgment (Doc. # 18). Seaside opposes the defendant's motion for summary judgment.

According to defendant McCarter, summary judgment in its favor should be granted, in part, because: (1) the equities of this case require it; (2) its original bid was clearly ambiguous; (3) no reasonable jury could conclude that Seaside justifiably relied upon the bid; and (4) no reasonable jury could conclude that it had a pecuniary interest in submitting a bid at a price for which it would lose money. In contrast, Seaside argues that summary judgment in favor of defendant McCarter is inappropriate, since genuine issues of material fact exist.

The undersigned has now carefully considered the briefs, pleadings, and relevant case law relative to the defendant's motion for summary judgment. This motion is now ripe for disposition.

## Facts

As the undisputed record reflects, plaintiff Seaside is a general contractor involved in water and sewer utility construction. Defendant McCarter is an electrical subcontractor.

On June 10, 2003, McCarter submitted a subcontractor bid to Seaside for electrical work relating to the City of Hartsville wastewater treatment plant improvements. Seaside then submitted its general contractor bid to the City of Hartsville for the improvements, which incorporated McCarter's subcontractor bid. Thereafter, Seaside was notified that it was the low bidder and was awarded the City of Hartsville contract.

According to Seaside, McCarter later refused to perform the electrical work for the price that it bid and Seaside was required to hire another electrical subcontractor to perform the work at a higher price. The instant action and motion for summary judgment followed.

## Standard for Summary Judgment

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 91 L.Ed.2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate

2

specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324, 91 L.Ed.2d at 274. That burden is not discharged by "mere allegations or denials." Fed.R.Civ.P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 91 L.Ed.2d 202, 216 (1986). Rule 56 mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 91 L.Ed.2d at 273. Before finding that no genuine issue for trial exists, the Court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L.Ed.2d 538, 552 (1986).

## Analysis

As stated above, Seaside alleges causes of action for negligent misrepresentation and promissory estoppel against defendant McCarter. For the reasons stated below, the undersigned concludes that, viewing the evidence of record in the light most favorable to the plaintiff, as is legally required, genuine issues of material fact exist which would preclude summary judgment.

In particular, in Harrington v. Mikell, 321 S.C. 518, 522-523, 469 S.E.2d 627, 630 (Ct. App. 1996), the South Carolina Court of Appeals expressly noted that:

> One may bring a common law action in tort for negligent misrepresentation. Gilliland v. Elmwood Properties, 301 S.C. 295, 391 S.E.2d 577 (1990); Winburn v. Insurance Co. of North America, 287 S.C. 435, 339 S.E.2d 142 (Ct. App.1985). If the damage alleged is a pecuniary loss, the plaintiff must allege and prove the following essential elements to establish liability for negligent misrepresentation: (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied

3

on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon this representation. AMA Management Corp. v. Strasburger, 309 S.C. 213, 420 S.E.2d 868 (Ct. App.1992). As part of his case, the plaintiff must show that his reliance on the misrepresentation was reasonable. Id. at 223, 420 S.E.2d at 874.

Viewing the evidence in the light most favorable to the plaintiff, as is legally required, sufficient evidence of the necessary elements of plaintiff's cause of action for negligent misrepresentation arguably have been presented to the Court and genuine issues of material fact exist to defeat the defendant's motion for summary judgment relating to this claim.

In this regard, the plaintiff properly asserts that the questions of whether it reasonably relied upon defendant McCarter's subcontractor bid and whether such reliance was justified are issues for the trier of fact to determine. As explained by the South Carolina Supreme Court, the general rule is that questions concerning reliance and its reasonableness are factual questions for the jury. Unlimited Services. Inc. v. Macklen Enterprises, Inc., 303 S.C. 384, 401 S.E.2d 153 (1991). Similarly, as further held by the South Carolina Court of Appeals in Starkey v. Bell, 281 S.C. 308, 315 S.E.2d 153 (Ct. App. 1984):

> Issues of reliance and its reasonableness going as they do to subjective states of mind and applications of objective standards of reasonableness, are preeminently factual issues for the trier of facts.

Thus, summary judgment is inappropriate as it relates to the plaintiff's cause of action for negligent misrepresentation.

Moreover, summary judgment is also inappropriate as it relates to the plaintiff's cause of action for promissory estoppel. As recently stated in Powers Construction Co., Inc. v. Salem Carpets, Inc., 283 S.C. 302, 322 S.E.2d 30 (Ct. App. 1984), a case factually similar to the one presently before this Court, the South Carolina Court of Appeals reiterated that:

4

> Before a recovery by a contractor employing the doctrine [of promissory estoppel] can be sustained...the elements of promissory estoppel must be established by the evidence. These elements are: (1) the presence of a promise unambiguous in its terms; (2) reasonable reliance upon the promise by the party to whom the promise is made; (3) the reliance is expected and foreseeable by the party who makes the promise; and (4) the party to whom the promise is made must sustain injury in reliance on the promise.

Again, viewing the evidence in the light most favorable to the plaintiff, sufficient evidence in the record arguably establishes each of the aforesaid elements. As well, disputed facts preclude summary judgment of the plaintiff's cause of action for promissory estoppel. For example, a reasonable trier of fact would have to determine whether McCarter's subcontractor bid was unambiguous and whether Seaside was reasonably justified in relying upon that bid. Similarly, a reasonable trier of fact would have to determine if Seaside was damaged by McCarter's alleged actions and whether Seaside's reliance upon McCarter's bid was expected and foreseeable. Consequently, defendant's motion for summary judgment relating to plaintiff's cause of action for promissory estoppel is also denied.

## Conclusion

In summary, there are a number of factual issues in this case that require resolution by a trier of fact. For this reason, defendant McCarter's motion for summary judgment is **DENIED** (Doc. # 18).

**IT IS SO ORDERED.**

(Signature on separate page)

<u>s/ Terry L. Wooten</u>
Terry L. Wooten
United States District Court Judge

November 1, 2005
Florence, South Carolina